# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

BARRY MICHAEL GOULET

        Plaintiffs,

v.

ALLIED COLLECTION SERVICE, INC,

        Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

## COMPLAINT

Comes now Plaintiff, Barry Michael Goulet, and for his causes of action against the defendants, alleges as follows:

### Jurisdiction

1.    That Plaintiff is an adult citizen of the United States and of the State of Colorado. That Plaintiff is a "consumer" and beneficiary of the provisions of both the Fair Credit Reporting Act, Title 15, Section 1681 U.S.C. et.seq. and the Fair Debt Collection Practices Act, Title 15, Section 1692 et. seq. That this action is brought to enforce liability created by the Fair Credit Reporting Act that arose within two years of the filing of this complaint and the action under the Fair Debt Collection Practices Act is brought within one year of the acts complained of. This Court has jurisdiction. 15 U.S.C. § 1681p and 15 U.S.C. Sec 1692k.

### Allegations Common to All Counts

2. That Defendant, Allied Collection Service, Inc. (hereinafter "Allied") is a corporation doing business in the District of Colorado and is a "Furnisher" of consumer credit information within the meaning of Title 15, Section 1681s-(2), U.S.C. That Experian Information Solutions, Inc. (hereinafter "Experian") and Trans Union LLC (hereinafter "Trans Union") are each a "consumer reporting agency" within the meaning of Title 15, Section 1681a(f) U.S.C.

3. That defendant Allied furnished false credit information related to plaintiff to Experian and Trans Union regarding an account wherein it claimed plaintiff owed a landlord for which it collects debts for damages to an apartment under a residential lease and that he had defaulted on the obligation. That plaintiff did not however owe such monies for the following reasons. Plaintiff rented an apartment for a term from Defendant Allied's client along with his sister. When that lease term expired, plaintiff's sister, and not with plaintiff, re-let the apartment on a separate lease and plaintiff vacated. When the subsequent lease of the sister expired defendant, Allied's client claimed damages were owed under the lease for damages to the apartment. Plaintiff's sister thereafter timely paid the damages. Thereafter defendant Allied nonetheless falsely reported to defendants Trans Union and Experian that plaintiff had defaulted on such obligation.

## Count I, Fair Credit Reporting Act

4. That within two years of the filing of this complaint plaintiff disputed the accuracy and completeness of such information to consumer reporting agencies including Experian and Trans Union as those institutions are defined in the Fair Credit Reporting Act who, in turn supplied notice of the disputes, when appropriate, to defendant Allied. As a consequence defendant Allied was required, pursuant to 15 U.S.C. Sec. 1681s-2(b) to conduct a reasonable

investigation and report the results back to the respective consumer reporting agencies. .

5.      That the Defendant Allied willfully, or alternatively negligently, violated 15 U.S.C.Sec.1681 s-2(b) in that it received a dispute from one or more consumer reporting agencies, including Experian and Trans Union, yet it failed to perform a reasonable investigation of the dispute which would have revealed both that plaintiff never owed this debt and also that his sister timely paid the debt she owed.

6.      That as a direct and proximate result of such violations plaintiff sustained lost credit opportunities, a reduction in the creditworthiness of his reports, was caused to worry that this false and inaccurate information regarding his current financial solvency would prevent him from obtaining housing and plaintiff has thus suffered severe emotional distress which was a real injury and will in the future suffer lost credit opportunities, a reduction in the creditworthiness of his reports, and will suffer severe emotional distress.  Further, had defendant performed its duties and discovered the inaccuracy Trans Union and Experian would have been required, on plaintiff's request, to report the corrections to those that had received reports within six months 15 U.S.C. Sec. 1681i(d), and as a result plaintiff continues to lose available credit on credit cards that changed his terms because of defendants' reports.

WHEREFORE, Plaintiff prays judgment against all defendants in such sum as is just and reasonable together with punitive damages, interest, attorney's fees and his costs herein expended.

## Count II, Fair Debt Collection Practices Act.

9.      Defendant Allied regularly collects debts for others and is a debt collector under 15 U.S.C. Sec. 1692.

10.     That defendant Allied's false reported to Experian and Trans Union that plaintiff

owed a debt that he did not was in connection with an attempt to collect a consumer debt under a residential apartment lease.  That such statements constituted false or misleading representations in violation of 15 U.S.C.  Sec. 1692e.

11.	That as a direct and proximate result of such violations plaintiff sustained lost credit opportunities, a reduction in the creditworthiness of his reports, was caused to worry that this false and inaccurate information regarding his current financial solvency would prevent him from obtaining housing and plaintiff has thus suffered severe emotional distress which was a real injury and will in the future suffer lost credit opportunities, a reduction in the creditworthiness of his reports, and will suffer severe emotional distress. Further plaintiff has been subjected to a change of terms on his credit card.

WHEREFORE, Plaintiff prays judgment against all defendants in such sum as is just and reasonable together with, interest, attorney's fees and his costs herein expended.

/s/ Blair K. Drazic
Blair K. Drazic, #10208
591 25 Rd., Suite A-4
Grand Junction, CO 81505
Phone 314-989-0071
Fax 314-667-4207

The plaintiff's address is:
1735 White Ave.
Grand Junction, CO 81501